**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.      CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>NINTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>ORANGE</u>  COUNTY, FLORIDA

<u>Erika Simmons</u>
Plaintiff                                                              Case # _____
                                                                       Judge  _____

vs.
<u>The Receivable Management Services LLC</u>
Defendant

---

**II.      AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☒  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

**III.     TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☒ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   6

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Victor Zabaleta        Fla. Bar # 118517
       Attorney or party           (Bar # if attorney)

Victor Zabaleta          04/28/2026
 (type or print name)        Date

**IN THE COUNTY COURT OF THE 9TH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA**

**Case No.**

ERIKA SIMMONS,

        **Plaintiff,**

v.

THE RECEIVABLE MANAGEMENT SERVICES
LLC

        **Defendants.**

_____/

**PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO
DEFENDANT**

        Plaintiff Erika Simmons propounds the following discovery requests on Defendant The Receivable Management Services LLC ("Defendant"). Responses to these discovery requests are due thirty (30) days from the below service date. Attached as Appendix "A" are definitions of terms and phrases used in these discovery requests.

        The responses to these discovery requests must be sent *via* e-mail to: **Talal Rashid, Esq.,** at Talal@pzlg.legal and **Brad Ryser**, at brad@pzlg.legal.

**CERTIFICATE OF SERVICE**

        The undersigned hereby certifies that on April 28, 2026, the foregoing was electronically filed with the Clerk of the Court using Florida e-Filing portal and shall be served on Defendant as part of Service of Process.

/s/        Talal        Rashid
.
**TALAL RASHID, ESQ.**
Florida Bar No. 1010307
E-mail:    Talal@pzlg.legal
Phone:    305-332-6201

*COUNSEL FOR PLAINTIFF*

Page **1** of **13**

## <u>INTERROGATORIES</u>

(1)    Describe, step-by-step, the process which resulted in the Consumer Debt being transmitted to one or more of the credit reporting agencies, beginning with the date and method of transmission of Plaintiff's information, e.g., computer tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission letters (where and by whom entry made), letter with debtor information printed (from where and by whom); letter with debtor information mailed (from where and by whom), computer tapes or media returned (on what occasion, when, by whom and to whom).

**Response**:

(2)    Identify each instance Defendant reporting the Consumer Debt to one or more of the credit reporting agencies during the two (2) years prior to the commencement of the above-captioned action and state the information reported for each instance.

**Response**:

(3)    Identify the documents specified by Rule 69V-180.080, Florida Administrative Code, that Defendant does not maintain.

**Response**:

(4)    Identify the documents specified by Rule 69V-180.080, Florida Administrative Code, maintained by Defendant regarding Plaintiff or the Debt that are not current within one week of the current date.

**Response**:

(5)    Identify by name, publisher, publisher's address, vendor and vendor's address, any commercial software which you use to maintain, bill, collect, or report any information relating to your consumer accounts or application information relating to your consumer accounts.

**RESPONSE:**

(6)    Please provide the dates of each and every communication Defendant had with Plaintiff or any other party to this lawsuit concerning any of the facts or allegations described in this lawsuit or any pleading you have filed or may file, identify the persons with whom you communicated, and explain and describe the contents of your communications.

**RESPONSE:**

(7)    Please state the names, home addresses and telephone numbers of each and every person having knowledge of facts or having formed any opinions relating to any or all of the incidents which are the basis of this lawsuit, any allegation made in this lawsuit, any defense raised in this lawsuit, the cause of any alleged incident underlying this lawsuit or damages claimed in this lawsuit, or relating to any of the damages incurred by Plaintiff including any of your employees who, in any way, handled or supervised any matters in connection with Plaintiff's disputes to you, your credit reporting about Plaintiff, and any of your communications with Plaintiff or any credit reporting agency regarding Plaintiff.

**RESPONSE:**

(8)    Please identify the date, recipient, and content (as recorded by Metro or Metro 2 data) of occurrence during the preceding five years in which you reported credit data regarding Plaintiff. If you have reported such data, state whether such reportings were made pursuant to an express or written authorization by you for the relevant consumer reporting agency to report that data.

**RESPONSE:**

(9)    Explain in detail Defendant's procedures for reinvestigating consumer disputes of your account and consumer credit data forwarded by the national consumer reporting agencies for Defendant's response.

**RESPONSE:**

(10)    Please explain and describe  specific allocation, in percentages or dollar amounts, of Defendant's resources committed to reinvestigation of consumer disputes in each of the preceding five years.

**RESPONSE:**

(11)    Please describe the amount per dispute which you have budgeted to resolve credit reporting disputes from consumers.

**RESPONSE:**

(12)    Please describe the pay scale, any incentive, bonus, or other factors affecting compensation for the person(s) who conducted or supervised any credit reporting dispute relating to the Consumer.

**RESPONSE:**

(13)    Please explain and describe Defendant's actions to assess or identify the risks and potential for harm to consumers arising from inaccurate credit reporting by you.

**RESPONSE:**

(14)    Please explain and describe Defendant's specific projects, initiatives, or programs during the preceding five years, to reduce potential harm to consumers arising out of inaccurate credit reporting by you.

**RESPONSE:**

(15)    Identify each document which Defendant claims was executed by Plaintiff in order to initiate, consummate, or fulfill any transaction with you.

**RESPONSE**:

(16)    Identify--including Case number, venue, parties, amount of any settlement or judgment paid by Defendant -- every lawsuit in which you were alleged to have improperly reported or reinvestigated credit reporting data relating to a consumer report.

**RESPONSE:**

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

## REQUEST FOR PRODUCTION OF DOCUMENTS

*Please produce copies of the following documents*:

1.  Copies of the information Defendant reported to one or more of the credit reporting agencies regarding the Consumer Debt during the two (2) years prior to the commencement of the above-captioned action.

2.  Copies of the information Defendant reported to one or more of the credit reporting agencies regarding Plaintiff during the two (2) years prior to the commencement of the above-captioned action.

3.  Copies of the documents that Defendant sent to Plaintiff that relates to or involves the Consumer Debt.

4.  Copies of the documents, including manuals, instructions and guidelines, setting forth the policies and procedures of debt collection employed by Defendant during the two (2) years prior to the commencement of the above-captioned action.

5.  A copy of the records specified by Rule 69V-180.080 with respect to Plaintiff and/or the Debt.

6.  A copy of the "written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer" required by Rule 69V-180.090(2).

7.  A complete copy of any insurance policies covering Defendant for violations of the FDCPA or FCRA during the relevant period.

8.  Copies of the documents relied or referenced by Defendant in responding to the Interrogatories propounded on Defendant in the above-captioned action.

9.  Copies of the documents that Defendant was asked to identify in response to Plaintiff's interrogatories.

10. Any other documents bearing Plaintiff's name or social security number relating to the debt in question in this case, the account relating to that debt, any account reviews, any credit applications, the referral of the debt to any collection agency, the reporting of that debt to any credit reporting agency.

11. Any contract or obligation which relate to any contract or obligation attributed to Plaintiff's name or social security number.

12. Any contract, obligation, application, approvals, denials, credit evaluations, credit reports, reinvestigation notes, correspondence, notices, credit scores, account history, billing

statements, collection notes, dispute logs, memoranda, data, credit reportings, CDV's, ACDV's, responses to CDV's, requests for reinvestigation of credit data (including any documents provided along with the request), responses to ACDV's, UDF's, consumer disputes, responses to requests for reinvestigation, Metro data, Metro II data, or other documents which relate to any account attributed to Plaintiff's name or social security number.

13. Any credit information supplied to any credit reporting agency relating to Plaintiff or Plaintiff's credit report, Plaintiff's social security number, or any account attributable to Plaintiff or Plaintiff's social security number.

14. All manuals, guides, bulletins, memoranda, or other documents, which address your policies, practices or procedures in training or instructing employees in the handling disputes, investigations, or reinvestigations of credit data furnished to credit reporting agencies.

15. All manuals, guides, bulletins, memoranda, or other documents, which address your policies, practices or procedures in training or instructing employees in verification of credit data in response to any credit dispute initiated through directly dispute with you.

16. Any other documents prepared, sent, or received by Defendant in the course of conducting any reinvestigation regarding Plaintiff's consumer report.

17. Any agreement and amendments under which Defendant uses, reports or furnishes credit information to any credit reporting agency to which you provided credit data or account information relating to Plaintiff.

18. Any training materials including manuals, memos, videos, instructions, agreements, or any other document provided to you by any credit reporting agency relating to reinvestigations of credit data.

19. All documents which address the accuracy, truthfulness, or reliability of your reportings to the credit reporting agencies.

20. Any report, memoranda, bulletin or other document which describes the potential adverse effects or consequences on consumers of inaccurate, untruthful, or unreliable credit reporting by Defendant.

21. Any report, memoranda, bulletin or other document which describes the efficacy, cost-effectiveness, or overall usefulness of credit reporting as a means of improving recovery on delinquent or late accounts with Defendant.

22. All policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in reporting or altering any data to any consumer reporting agency, during each of the preceding five years.

23. All documents which contain any data about your specific allocation, in percentages and/or dollar amounts) of your resources to credit dispute resolution, in the preceding 5 years.

24. All policy manuals, procedure manuals, or documents, which address your policies, practices or procedures regarding correcting, updating, modifying and/or deleting credit data which is disputed as inaccurate.

25. All policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures for retention, dissemination or disposal of account data, during each of the preceding five years.

26. All documents concerning the names, addresses, telephone numbers, current employers and current whereabouts of each and every one of your employees who communicated with Plaintiff or took any action with regard to the resolution of any of Plaintiff's credit disputes.

27. All performance evaluations for each and every one of your employees who communicated with Plaintiff or took any action with regard to the resolution of any of Plaintiff's credit disputes.

28. All policies, procedures, and practices regarding the renumbering of your accounts and/or notification to the credit bureaus of such renumbering.

29. All documents evidencing, constituting or including data concerning your first notification of any allegation that any account bearing either or both Plaintiffs' personal identifiers and/or any of the account numbers had been created by application fraud or been used by a person not authorized to use or possess such account.

30. All Consumer Dispute Verification(s) [CDV's] or other communications sent or made to you by any person, which in any way suggests or indicates that a consumer disputed a reporting of "Lost or Stolen Card" made by you to any consumer reporting agency.

31. All documents which contain any data which assesses, discusses and/or categorizes any and/or all of your fraud losses, in the preceding five years.

32. All documents or correspondence in your, or your attorney's, possession that refers to or relates to any fact(s) which may be relevant in this lawsuit excluding letters between you and your attorney.

33. Any other documentary evidence that relates to Defendant's, affirmative defenses in this lawsuit.

34. Any other documentary evidence that Defendant may produce at trial.

35. All work papers, notes, and documents in the file of any expert witness who is expected to testify on your behalf, or in the file of the expert who has written a report which is or will be relied upon, in whole or in part, by a testifying expert, on your behalf.

36. All expert reports which have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit, if the expert is expected to or may testify in this case.

37. Any document containing any description, definition, concordance, or index of any shorthand, abbreviations, codes, shorthand, or notations contained in any documents which would be responsive to any of the prior requests.

38. Any deposition transcripts in which Defendant or any of its agents offered testimony regarding Defendant's policies, procedures or practices relating to credit reporting or reinvestigation.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

## REQUESTS FOR ADMISSION

*Please admit or deny the following*:

1.      Admit that Defendant reported inaccurate information regarding the Consumer Debt to one or more of the credit reporting agencies.

2.      Admit that Defendant is a "consumer collection agency" as defined by the FCCPA.

3.      Admit that Defendant is actively registered as a consumer collection agency with the Florida Office of Financial Regulation.

4.      Admit that Defendant maintains all records specified by Rule 69V-180.080, Florida Administrative Code.

5.      Admit that all records maintained by Defendant, as specified by Rule 69V-180.080, Florida Administrative Code, are current to within one week of the current date.

6.      Admit that the Consumer Debt is a "consumer debt" as defined by the FDCPA;

7.      Admit that Defendant is a "debt collector" as defined by of the FDCPA.

8.      Admit that Defendant engaged in collection activity by reporting the Consumer Debt to one or more of the consumer reporting agencies.

9.      Admit that you attempted to collect a financial obligation from Plaintiff within the last year.

10.     Admit that you attempted to collect a financial obligation from Plaintiff within the last year that was incurred primarily for personal, family, or household purposes.

11.     Admit that you regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

Page **9** of **13**

## **VERIFICATION**

Under penalties of perjury, I, the undersigned affiant, declare that I have read the above Answers to Interrogatories, and that the Answers are true and correct.

_____
AFFIANT SIGNATURE

_____
PRINTED NAME OF AFFIANT

_____
CAPACITY / TITLE OF AFFIANT

**BEFORE ME**, the undersigned authority, personally appeared _____,

who produced as identification _____, bearing

number _____ expiring on _____ who

did take an oath, who stated that he/she is the person noted above, and that, according to his/her

best knowledge and belief, the forgoing answers are true and correct.

Sworn to and subscribed before me, this _____ day of _____, 202_____.

_____
SIGNATURE OF NOTARY

_____
PRINTED NAME OF NOTARY

```




```

SEAL OF NOTARY

Page **10** of **13**

## APPENDIX "A" – DEFINITIONS

(1)    "Action" shall mean the above captioned matter.

(2)    "Any," "All," and "each" shall be construed as any, all and each.

(3)    "And" shall mean and/or.

(4)    "Concern," "concerning," "refer," "referring," "relate, " "relating," "regard," or "regarding" shall all mean documents which explicitly or implicitly, in whole or in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the request, including all documents which reflect, record, specify, memorialize, relate, describe, discuss, consider, concern, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge upon, or impact the subject matter of the request;

(5)    "Complaint" means the operative Complaint filed in the above captioned action.

(6)    "Consumer Debt" shall refer to the debt underlying the "Account" identified and defined in the Complaint.

(7)    "Communication" or "sent" includes every manner or means of disclosure, transfer, or exchange of information, and/or attempt thereof, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery, or otherwise, and/or attempt thereof.

(8)    "Defendant," "you," and "your" shall mean , any of its directors, officers, sales, agents, managers, supervisors, general agents, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other persons purporting to act on their behalf. These defined terms include divisions, affiliates, subsidiaries, predecessor entities, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf, including those who sought to communicate with Plaintiff during the relevant time-period whether by letter, e-mail, text message, or any other medium, regardless of whether successful or unsuccessful.

(9)    "Debt" shall refer to the obligation or purported obligation which Defendant sought to collect from Plaintiff identified in the Complaint, *i.e.*, the debt underlying the Account identified in the Complaint.

(10)    "Document" means the original, and all non-identical copies (whether different from the original because of additional notations or otherwise), of all written, printed, typed, recorded, electronically or digitally stored, or graphic matter, however produced or reproduced, in the actual or constructive possession, custody, or control of plaintiff including, without limitation, all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data compilations (whether tangible or intangible from which information can be obtained, discerned, or can be translated through detection devices into a reasonably usable tangible form), correspondence, memoranda,

Page **11** of **13**

data, notes of conversations, diaries, papers, letters, e-mail communications, telegrams, messages of any kind, minutes of meetings, stenographic or hand-typed and written notes, appraisals, bids, account books, checks, invoices, ledgers, agreements, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, Xerox or any other tangible things which constitute or contain matters within the scope of the Rules.

(11)    "FCCPA" means the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq.

(12)    "FDCPA" means the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

(13)    "Including" means: (1) including, but not limited to, or (2) including, without limitation. Any examples which follow these phrases are set forth to clarify the request, definition or instruction, not limited to the request, definition or instruction.

(14)    "Identify" with respect to natural person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(15)    "Or" shall mean and/or.

(16)    "Payment" shall include all available methods of funds tender, including but not limited to: cash; money order, a negotiable instrument such as a check, note, or draft; an ACH debit; bank, wire, or electronic-funds transfer; and, credit-card payment.

(17)    "Person" or "Persons" shall mean natural persons, proprietorships, joint ventures, partnerships, corporations, trust, groups, associations, organizations, governmental agencies and all other entities.

(18)    "Plaintiff" or the "Consumer" shall mean Erika Simmons.

(19)    "Relevant time period," "relevant period" or "during the relevant period" refers to a finite length of time, the duration of which is uninterrupted, that begins four years prior to commencement of the above captioned action, and ends on the date of these requests.

(20)    "Third-party," "third-parties," "vendor," and/or "vendors," shall mean: any person or entity other than Plaintiff, Plaintiff's attorney, the current creditor of the Consumer Debt and said current creditor's attorney.

(21)    The phrase "as defined by the FDCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under 15 U.S.C. § 1692a.

(22)    The phrase "as defined by the FCCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under Fla. Stat., § 559.55.

(23)    The term "file" has the meaning contained in 15 U.S.C. § 1681a(g).

(24)    The term "mixed file" means a consumer report or file that contains any information about a person other than the person who is the subject of that consumer report or file.

(25)    The term "consumer report" has the meaning contained in 15 U.S.C. § 1681a(d).

Filing # 246977712 E-Filed 04/28/2026 11:47:36 AM

IN THE COUNTY COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE AND OSCEOLA
COUNTY, FLORIDA

IN RE: COUNTY CIVIL CASE
      MANAGEMENT PLAN AND
      ORDER

_____/

**COUNTY CIVIL**
**STANDING CASE MANAGEMENT PLAN/ORDER**
**(General Track)**

**PURSUANT TO** Florida Rule of Civil Procedure 1.200, and Ninth Judicial Circuit Court Administrative Order No. 2021-04-04 as amended (collectively the "Case Management Administrative Orders"), this case is before the Court for case management. Based on the case type of the initial filing in this case, the Case Management Administrative Orders, and pursuant to Rule 2.545, Fla. R. Gen. Prac. & Jud. Admin., the Court hereby establishes a case management plan. It is hereby

      **ORDERED** that:

      1.    **COMPLIANCE WITH THIS CASE MANAGEMENT PLAN/ORDER:** The parties shall strictly comply with the terms of this Case Management Plan/Order, unless otherwise ordered by the Court. FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS.

      2.    **ADDITIONAL NINTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following: (i) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court Circuit Civil Court Guidelines (AO 2012-03-01)**; (ii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Courtroom Decorum Policy (AO 2003-07-02)** (iii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court County Civil Court Guidelines, Orange County (AO2017-04-02)** and (iv) **any division-specific guidelines that may be applicable**.

3.    **MODIFICATION OF THIS ORDER:**  The provisions of this Order may be modified only in accordance with Fla. R. Civ. P. 1.200.

4.    **SERVICE OF THIS ORDER WITH INITIAL PROCESS:**  Pursuant to the Case Management Orders, the Plaintiff shall file a copy of this Order in the case. Any party serving an initial pleading (complaint, third-party complaint, etc.) in this case shall serve a copy of this Order together with initial service of process.

### CASE MANAGEMENT PLAN – GENERAL TRACK

*Note: All dates are to be calculated from the date of filing of the initial complaint unless otherwise noted.*

| | |
|---|---|
| Deadline for Service of Process: | 120 days |
| Deadline for Service of Process extended if not accomplished within 120 days: | 150 days, failing same, all unserved defendants are dismissed without prejudice without further notice or opportunity to be heard |
| Deadline for Leave to Add Parties and Amend Pleadings: | Motions must be set for hearing and heard within 90 days from service on the last defendant, or deemed abandoned and denied |
| Preliminary Motions including, but not limited to, Motions to Dismiss, Motions for More Definite Statement, Motions to Strike, Motions to Stay or Compel Appraisal/Arbitration and any objections to the pleadings: | Must be set for hearing and heard within 60 days from filing of the motion/objection, or deemed abandoned and denied. Non-movant shall timely submit a proposed order in the event the motion/objection is deemed abandoned and denied |
| Initial Discovery Disclosures: | 60 days after service. See Fla. R. Civ. P. 1.280(a)(3) |
| Deadline for Completion of Fact and Expert Discovery: | 450 days (additional disclosure and discovery deadlines will be established by the Uniform Order Setting Pre-Trial and Trial in the case) |
| Pre-trial Motions, including Dispositive and Daubert Motions | Must be filed no later than 15 days after completion of discovery and heard no later than 7 days prior to the pre-trial conference, or deemed abandoned and denied |
| Mediation/Alternative Dispute Resolution | Within 30 days after completion of the depositions of all parties, counsel shall meet and confer regarding whether an early mediation would be productive to resolution of certain issues or the entire case. A final mediation shall occur no later than 30 days after completion of all discovery |

| Approximate Pre-Trial Conference: | 17 months<br>Actual Date to be set by Trial Order |
|---|---|
| Approximate Trial Date: | 18 months<br>Actual date to be set by Trial Order |

5. **NOTICES FOR TRIAL:**  If the Court has not issued a Trial Order within 240 days from the date the case was filed, Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial. The Plaintiff shall forward a copy of the Notice for Trial to the Judicial Assistant at the Division email address noted on the Ninth Circuit website.

6. **DISCOVERY:**  All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.

7. **SETTLEMENT:**  *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

   **DONE AND ORDERED** in Orange/Osceola County, Florida.

_____
Chief Judge

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**ORANGE COUNTY: Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303**

**OSCEOLA COUNTY: Court Administration, Osceola Count Courthouse, 2 Courthouse Square, Suite 6300, Kissimmee, Florida, (407) 742-2417**

REV 7/2025

Filing # 246977712 E-Filed 04/28/2026 11:47:36 AM

**IN THE COUNTY COURT OF THE 9TH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA**

**Case No.**  2026-CC-009554-O

**ERIKA SIMMONS,**

      Plaintiff,

v.                                                                **CIVIL ACTION SUMMONS**

**THE RECEIVABLE MANAGEMENT
SERVICES LLC,**

      Defendant.

_____/

**<u>SUMMONS</u>**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

The Receivable Management Services LLC
c/o CT Corporation System
1200 South Pine Island Road
Plantation, Florida 33324

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, Talal Rashid, Esq., Patti Zabaleta Law Group, 110 SE 6th Street, 17th  Floor, Fort Lauderdale, Florida 33301, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on:  _April/29/2026_____

Tiffany Moore Russell, Clerk of Courts
*/s/ Dallas Mathis*
Deputy Clerk
**Civil Division**
425 N Orange Ave
Room 350
Orlando, FL 32801

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away.

If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

Dated: April 28, 2026

Respectfully Submitted,

 /s/ Talal Rashid
**TALAL RASHID, ESQ.**
Florida Bar No. 1010307
E-mail:    Talal@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:    Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone:    305-332-6201

COUNSEL FOR PLAINTIFF

Filing # 248034948 E-Filed 05/12/2026 05:48:05 PM

# RETURN OF SERVICE

**State of Florida**                    **County of Orange**                    **9th Judicial Circuit Court**

Case Number: 2026-CC-009554-O

Plaintiff: **Erika Simmons**
vs.
Defendant: **The Receivable Management Services LLC**

For:
Thomas J. Patti
Patti Zabaleta Law Group
tom@pzlg.legal, victor@pzlg.legal
3323 NW 55th Street
Ft. Lauderdale, FL 33309

Received by All Broward Process Corp on the 5th day of May, 2026 at 2:48 pm to be served on **The Receivable Management Services LLC c/o CT Corporation System, 1200 S Pine Island Road, Plantation, FL 33324**.

I, Francisco Carreras, do hereby affirm that on the **6th day of May, 2026** at **3:00 pm, I:**

served a **LIMITED LIABILITY CORPORATION** by delivering a true copy of the **Summons, COUNTY CIVIL STANDING CASE MANAGEMENT PLAN/ORDER (General Track), Civil Cover Sheet, Complaint, Plaintiff's Initial Disclosures, and Plaintiff's First Set of Discovery Requests to Defendant** with the date and hour of service endorsed thereon by me, to: **Donna Moch** as **Supervisor CT Corp** for **The Receivable Management Services LLC**, at the address of: **1200 South Pine Island Road, Plantation, FL 33324**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 60+, Sex: F, Race/Skin Color: White, Height: 5'5", Weight: 140, Hair: Dark Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare I have read the foregoing Return of Service and that the facts stated are true.  Notary not required pursuant to F.S. 92.525(2). Electronically signed in accordance with FSS 48.21(1). Service was completed per FSS 48 and /or Federal Rules of Civil Procedures Rule 4, 28 U.S.C. 1608 and/or congruent to the rules of The State or Jurisdiction in which the summons, subpoena or document originated: .

_____
**Francisco Carreras**
#582

**All Broward Process Corp**
**701 N Fig Tree Lane**
**Plantation, FL 33317**
**(954) 214-5194**

Our Job Serial Number: BPC-2026002537

Copyright © 1992-2026 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0e

Filing # 246977712 E-Filed 04/28/2026 11:47:36 AM

| | |
|---|---|
| DELIVERED | 5/6/2026 3:00 PM |
| SERVER | FXC |
| LICENSE | #582 |

## IN THE COUNTY COURT OF THE 9TH JUDICIAL CIRCUIT
## IN AND FOR ORANGE COUNTY, FLORIDA

### Case No. 2026-CC-009554-O

**ERIKA SIMMONS,**

    Plaintiff,

v.                                      **CIVIL ACTION SUMMONS**

**THE RECEIVABLE MANAGEMENT
SERVICES LLC,**

    Defendant.

_____/

### SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

The Receivable Management Services LLC
c/o CT Corporation System
1200 South Pine Island Road
Plantation, Florida 33324

    Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, Talal Rashid, Esq., Patti Zabaleta Law Group, 110 SE 6th Street, 17th Floor, Fort Lauderdale, Florida 33301, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on:  April/29/2026

Tiffany Moore Russell, Clerk of Courts
*/s/ Dallas Mathis*
Deputy Clerk
**Civil Division**
425 N Orange Ave
Room 350
Orlando, FL 32801

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away.

If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

Dated: April 28, 2026

Respectfully Submitted,

 /s/ Talal Rashid
**TALAL RASHID, ESQ.**
Florida Bar No. 1010307
E-mail:    Talal@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:    Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone:    305-332-6201

COUNSEL FOR PLAINTIFF

IN THE COUNTY COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE AND OSCEOLA
COUNTY, FLORIDA

IN RE: COUNTY CIVIL CASE
      MANAGEMENT PLAN AND
      ORDER

_____/

**COUNTY CIVIL**
**STANDING CASE MANAGEMENT PLAN/ORDER**
**(General Track)**

**PURSUANT TO** Florida Rule of Civil Procedure 1.200, and Ninth Judicial Circuit Court Administrative Order No. 2021-04-04 as amended (collectively the "Case Management Administrative Orders"), this case is before the Court for case management. Based on the case type of the initial filing in this case, the Case Management Administrative Orders, and pursuant to Rule 2.545, Fla. R. Gen. Prac. & Jud. Admin., the Court hereby establishes a case management plan. It is hereby

      **ORDERED** that:

      1.      **COMPLIANCE WITH THIS CASE MANAGEMENT PLAN/ORDER:** The parties shall strictly comply with the terms of this Case Management Plan/Order, unless otherwise ordered by the Court. FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS.

      2.      **ADDITIONAL NINTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following: (i) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court Circuit Civil Court Guidelines (AO 2012-03-01)**; (ii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Courtroom Decorum Policy (AO 2003-07-02)** (iii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court County Civil Court Guidelines, Orange County (AO2017-04-02)** and (iv) **any division-specific guidelines that may be applicable**.

3.      **MODIFICATION OF THIS ORDER:**  The provisions of this Order may be modified only in accordance with Fla. R. Civ. P. 1.200.

4.      **SERVICE OF THIS ORDER WITH INITIAL PROCESS:**  Pursuant to the Case Management Orders, the Plaintiff shall file a copy of this Order in the case. Any party serving an initial pleading (complaint, third-party complaint, etc.) in this case shall serve a copy of this Order together with initial service of process.

### CASE MANAGEMENT PLAN – GENERAL TRACK

*Note: All dates are to be calculated from the date of filing of the initial complaint unless otherwise noted.*

| | |
|---|---|
| Deadline for Service of Process: | 120 days |
| Deadline for Service of Process extended if not accomplished within 120 days: | 150 days, failing same, all unserved defendants are dismissed without prejudice without further notice or opportunity to be heard |
| Deadline for Leave to Add Parties and Amend Pleadings: | Motions must be set for hearing and heard within 90 days from service on the last defendant, or deemed abandoned and denied |
| Preliminary Motions including, but not limited to, Motions to Dismiss, Motions for More Definite Statement, Motions to Strike, Motions to Stay or Compel Appraisal/Arbitration and any objections to the pleadings: | Must be set for hearing and heard within 60 days from filing of the motion/objection, or deemed abandoned and denied. Non-movant shall timely submit a proposed order in the event the motion/objection is deemed abandoned and denied |
| Initial Discovery Disclosures: | 60 days after service. See Fla. R. Civ. P. 1.280(a)(3) |
| Deadline for Completion of Fact and Expert Discovery: | 450 days (additional disclosure and discovery deadlines will be established by the Uniform Order Setting Pre-Trial and Trial in the case) |
| Pre-trial Motions, including Dispositive and Daubert Motions | Must be filed no later than 15 days after completion of discovery and heard no later than 7 days prior to the pre-trial conference, or deemed abandoned and denied |
| Mediation/Alternative Dispute Resolution | Within 30 days after completion of the depositions of all parties, counsel shall meet and confer regarding whether an early mediation would be productive to resolution of certain issues or the entire case. A final mediation shall occur no later than 30 days after completion of all discovery |

| Approximate Pre-Trial Conference: | 17 months<br>Actual Date to be set by Trial Order |
|---|---|
| Approximate Trial Date: | 18 months<br>Actual date to be set by Trial Order |

5. **NOTICES FOR TRIAL:** If the Court has not issued a Trial Order within 240 days from the date the case was filed, Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial. The Plaintiff shall forward a copy of the Notice for Trial to the Judicial Assistant at the Division email address noted on the Ninth Circuit website.

6. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.

7. **SETTLEMENT:** *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

   **DONE AND ORDERED** in Orange/Osceola County, Florida.

_____
Chief Judge

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**ORANGE COUNTY: Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303**

**OSCEOLA COUNTY: Court Administration, Osceola Count Courthouse, 2 Courthouse Square, Suite 6300, Kissimmee, Florida, (407) 742-2417**

REV 7/2025

Filing # 248835952 E-Filed 05/22/2026 04:05:56 PM

### IN THE COUNTY COURT OF THE 9TH JUDICIAL CIRCUIT
### IN AND FOR ORANGE COUNTY, FLORIDA

ERIKA SIMMONS,                            )
                                          )
                Plaintiff,                )    Case No: 2026-CC-009554-0
v.                                        )
                                          )
THE RECEIVABLE MANAGEMENT                 )
SERVICES, LLC,                            )
                                          )
                Defendant.                )

### NOTICE OF APPEARANCE AS COUNSEL
### AND DESIGNATION OF EMAIL ADDRESS

PLEASE TAKE NOTICE that ANDREW KEMP-GERSTEL, Esq., MICHAEL D. STARKS, Esq. and ANTHONY M. SARTINI, Esq., of the law firm LIEBLER, GONZALEZ & PORTUONDO, hereby enter their appearances as counsel for Defendant, The Receivable Management Services LLC ("RMS") in these proceedings. All parties are requested to take notice of the appearance of undersigned counsel and to serve all copies of any and all motions, orders, pleadings, papers, reports, and/or documents of any kind or nature upon the undersigned counsel.

By appearing in this action, Defendant does not waive any rights, including venue, personal jurisdiction, validity of service of process, or choice of law.

Pursuant to Florida Rule of Judicial Administration 2.516(b)(1)(A), Defendant hereby gives notice of the primary and secondary e-mail addresses of its counsel as follows:

Counsel's name:        **Andrew Kemp-Gerstel, Esquire**
Primary e-mail address: akg@lgplaw.com; mkv@lgplaw.com
Secondary e-mail addresses: service@lgplaw.com

Counsel's name:        **Michael D. Starks**
Primary e-mail address: mds2@lgplaw.com; sck@lgplaw.com
Secondary e-mail addresses: service@lgplaw.com

Counsel's name:        **Anthony M. Sartini**
Primary e-mail address: ams@lgplaw.com; sck@lgplaw.com
Secondary e-mail addresses: service@lgplaw.com

**LIEBLER, GONZALEZ & PORTUONDO**
*Counsel for Defendant,*
*The Receivable Management Services LLC*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400

By:/*s/ Michael D. Starks*_____
  ANDREW KEMP-GERSTEL
  Florida Bar No. 0044332
  MICHAEL D STARKS
  Florida Bar No. 86584
  ANTHONY M. SARTINI
  Florida Bar No. 1059621

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of May, 2026, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: Talal Rashid, Esq., PATTI ZABALETA LAW GROUP, 110 SE 6th St., 17th Floor, Fort Lauderdale, FL  33301 at talal@pzlg.legal

  */s/Michael D. Starks*_____
  MICHAEL D. STARKS

2